Robert H. **CALHOUN,**
Plaintiff, Appellee,

v.

**ACME CLEVELAND CORPORATION**
and the Cleveland Twist Drill
Company, Defendants, Appellants.

No. 86–1332.

United States Court of Appeals,
First Circuit.

Submitted Sept. 12, 1986.
Decided Sept. 26, 1986.

William P. Robinson, III, John A. Houlihan, Judith Colenback Savage and Edwards & Angell, Providence, R.I., on brief, for defendants, appellants.

Orlando F. de Abreu, Taunton, Mass., on brief, for plaintiff, appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

BOWNES, Circuit Judge.

This is an appeal by Acme Cleveland Corporation and The Cleveland Twist Drill Company from an award of $17,925 for plaintiff's attorney's fees plus out-of-pocket expenses of $257.09.[1] Plaintiff's judgment of $177,329.59, following a jury verdict, was affirmed by this court in *Calhoun v. Acme Cleveland Corporation,* 798 F.2d 559 (1st Cir.1986). Thereafter, plaintiff moved for an award of attorney's fees and requested an evidentiary hearing to determine the exact amount. Defendants objected to the hearing, arguing that the district court could compute the award of attorney's fees based upon affidavits submitted by the plaintiff without need for a hearing. The district court then ordered the plaintiff "to submit to the court a demand for the specific amount sought in attorneys' fees, supported by a statement of the billing rate of each attorney involved in the case, the number of hours worked by

each attorney, and a detailed description of how the time was spent."

Plaintiff submitted four fee statements, which are attached as an appendix hereto.

Defendants objected to the submissions on the grounds that they did not meet the requirements of this circuit: they were not supported by affidavits; they failed to include contemporaneous time records with a detailed breakdown of the dates on which the work was done and the amount of time spent in each task; and there was no information furnished as to the experience and customary billing rates of each of the four attorneys for whom compensation was sought. Defendants also requested an evidentiary hearing on the question of the amount of attorney's fees. The district court denied defendants' request for a hearing. It awarded plaintiff the full amount of the fees requested, $17,925, and in a five-and-one-half-page opinion gave its reasons for the award.

There are two issues before us: whether the submissions of plaintiff were sufficient for an award of attorney's fees; and whether the district court erred in failing to hold a hearing on the plaintiff's request for attorney's fees.

We review the district court's award of attorney's fees to determine if there were errors of law or an abuse of discretion. *Furtado v. Bishop,* 635 F.2d 915, 920 (1st Cir.1980). We will defer to the discretion of the district court if it "has applied the correct criteria to the facts." *Maceira v. Pagan,* 698 F.2d 38, 39 (1st Cir.1983).

We start our analysis by noting that we do not think the failure of each attorney to file an affidavit is fatal. Although the filing of affidavits is the usual and preferred practice, the demand for fees was signed by plaintiff's chief counsel, Orlando F. de Abreu. As the district court noted, de Abreu is an attorney and officer of the court and his signing of the request for fees amounts to a representation that the submissions are true. We think, however, that the better practice is for each attorney

---

1. No objection has been made to the expenses.

**560**

filing a statement of services performed to warrant by affidavit that the submission is true and correct.

■ The submissions themselves, however, do not meet the requirements that we have carefully delineated for an award of attorney's fees in this circuit.

The court must secure from the attorneys a *full and specific* accounting of their time; bills which simply list a certain number of hours and lack such important specifics as *dates* and the nature of the work performed during the hour or hours in question should be refused.

*King v. Greenblatt,* 560 F.2d 1024, 1027 (1st Cir.1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978) (emphasis added). Each of the submissions here lists the different tasks each attorney performed, the total number of hours, and the hourly billing rate; that is all. The submissions do not give the dates when the different tasks were performed, nor is the amount of time spent on each task specified. They do not, contrary to the requirements of *King,* contain "a full and specific accounting" of the attorneys' time.

The district court recognized this, but found that the submissions were sufficiently detailed to allow proper review. This was error. Under the rule laid down in *King,* the submissions should have been refused. We have made it abundantly clear that we expect *King* to be followed. In *Souza v. Southworth,* 564 F.2d 609, 612 (1st Cir.1977), we quoted *King* and stated:

Mr. Gonnella did not submit to the court time sheets detailing his efforts throughout the litigation, and Mr. Angelone apparently had no records to submit. In a case arising after *King,* such a failure to document an attorney's time might merit disallowal, or at least drastic reduction, of a fee award.

In *Wojtkowski v. Cade,* 725 F.2d 127, 130 (1st Cir.1984), we commented on a submission similar to the one here:

The affidavit here was little more than a tally of hours and tasks relative to the case as a whole. Attorneys who anticipate requesting their fees from the court would be well advised to maintain detailed, contemporaneous time records that will enable a later determination of the amount of time spent on particular issues.

Without contemporaneous records, "[t]he unlikelihood, indeed perhaps the impossibility, of achieving a result under such procedures that would be fair to the applicants, fair to the paying parties, and decently reviewable by a court is obvious." *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 951 (1st Cir.1984).

Contemporaneous time records not only are evidence that the time claimed was indeed so spent, but provide details about the work, such as the date it occurred, the kinds of work that were done and the percentage of time spent at each task, *i.e.,* telephone calls, writing letters, drafting briefs, waiting in court, etc. This allows the paying party to dispute the accuracy of the records as well as the reasonableness of the time spent.

We have also made it clear that a court must scrutinize with care the reasonableness of the hourly rate claimed. *Grendel's Den,* 749 F.2d at 955–56. This requires information about fees customarily charged in the locality for similar legal services and information about the experience and billing practices of the attorneys in question. *King,* 560 F.2d at 1027. Where such information is lacking, as it was here, we do not think it should be supplied by the district court.

■ In *Grendel's Den,* "[w]e ... serve[d] notice that henceforth, in cases involving fee applications for services rendered after the date of this opinion, the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." 749 F.2d at 952. In this case, the services were rendered prior to this court's opinion in *Grendel's Den,* although the request for attorney's fees was made after the opinion issued. While we think that plaintiff's counsel should have been

aware of the *King* rule, we will follow *Grendel's Den* to the letter and neither disallow the fees entirely nor drastically reduce them. A remand, however, is necessary for a hearing on the reasonableness of the time spent and the hourly rates claimed by each of the plaintiff's attorneys. If, on remand, the plaintiff fails to produce complete and specific contemporaneous time records, the district court must scrutinize carefully the hours claimed. *See Grendel's Den,* 749 F.2d at 952–55. Under the circumstances, we deem it advisable that the remand hearing be held by a different judge than the one who made the fee award in question.

◼ The second issue, whether the court erred in failing to hold a hearing on the award of attorney's fees, can be dealt with quickly. While a hearing is often helpful and is prudent procedure, it is not mandatory. *Miles v. Sampson,* 675 F.2d 5, 9–10 (1st Cir.1982); *Kargman v. Sullivan,* 589 F.2d 63, 67 (1st Cir.1978). In light of defendants' initial objection to a hearing on attorney's fees and their assertion that the court could determine the amount of fees without a hearing, we can understand why the court felt a hearing was unnecessary. We also note that the district court issued a five-and-one-half-page written opinion explaining in detail the reasons for its fees award.

*Reversed and remanded for further proceedings consistent herewith.*

Costs to appellants.

## APPENDIX

### A

## HOURS WORKED BY JORDAN FIORE, ESQUIRE AND DESCRIPTION OF SERVICES RENDERED

Review of file in preparation for Fact Finding Conference.

Attendance at Fact Finding Conference before EEOC in Boston.

Travel to Boston.

Memorandum for file and oral briefing of Orlando F. de Abreu relative to said conference.

Preparation for Deposition of Robert Calhoun.

Attendance at Deposition of Robert Calhoun.

Memorandum to file relative to Deposition.

Oral briefing of Orlando F. de Abreu relative to Deposition.

Review of Defendants' Interrogatories to Plaintiff.

Conference with client.

Preparation of draft Answers.

Review of Defendants' Request for Production and preparation of draft response.

Total Hours: 14½

Billing Rate: $75.00 per hour

### A

## HOURS WORKED BY EDMUND BRENNAN, ESQUIRE AND DESCRIPTION OF SERVICES RENDERED

Review file.

Orientation conference with Orlando F. de Abreu.

Review law and facts in preparation of Opposition to Defendants' Motion for Summary Judgement.

Preparation of Affidavit and Memorandum of Law in Opposition to Motion for Summary Judgement.

Review of Defendants' Motion to Strike Portion of Plaintiff's Affidavit in Opposition to Defendants' Motion for Summary Judgement.

Preparation of Opposition thereto.

Attendance and Argument at Hearing on Defendants' Motion for Summary Judgement.

Preparation for Pre-Trial Conference, including but not limited to review of Defendants' Pre-Trial Memorandum, and preparation and filing of Pre-Trial Memorandum.

Total Hours: 17

Billing Rate: $75.00 per hour

## A

### HOURS WORKED BY KEVIN McALLISTER, ESQUIRE AND DESCRIPTION OF SERVICES RENDERED

Review file.

Orientation conference with Orlando F. de Abreu

Legal Research.

Preparation and Filing Request for Admissions.

Trial Preparation.

Conference and Review of Proposed Stipulation of Facts.

Preparation of Revised Stipulation of Facts.

Motions to Determine Sufficiency of Defendants' Objections to Request for Admissions and Memorandum in Support Thereof.

Motion to Compel More Responsive Answers and Memorandum in Support Thereof.

Preparation of Pre-Trial Memorandum.

Review of Defendants' Pre-Trial Memorandum.

Research and Preparation of Proposed Jury Instructions.

Conference and preparation and filing of Motion to Enlarge Time Within Which to File Objections To Defendants' Motions for Judgement N.O.V. and Motion For New Trial.

Review of Plaintiff's Brief in Opposition to Motion for New Trial, and Brief in Opposition to Judgement N.O.V.

> Total Hours: 18
> Billing Rate: $75.00 per hour

## A

### HOURS WORKED BY ORLANDO F. de ABREU, ESQUIRE AND DESCRIPTION OF SERVICES RENDERED

Original interview with client.

Legal research.

Review and preparation of Formal Charges of Discrimination to be filed with the Massachusetts Commission Against Discrimination and Equal Employment Opportunity Commission.

Conference at EEOC at Boston.

Review of Benefit Programs, including Retirement Program Literature issued by Defendants.

Review of Retirement Documents received from Defendants.

Conference and orientation of Jordan Fiore, Esquire relative to Fact Finding.

Conference at EEOC in Boston.

Request for EEOC file under Freedom of Information Act.

Review of EEOC file.

Legal Research.

Preparation and filing of Complaint, Claim of Jury Trial, etc.

Review of Defendants' Responsive Pleadings, including Interrogatories and Request for Production.

Review of Plaintiff's Answers to Interrogatories and Reply to Production of Documents.

Orientation of Jordan Fiore relative to Deposition of the Plaintiff.

Conference with Plaintiff relative to Plaintiff's Deposition.

Review of Deposition, correction and signature sheet and briefing with Jordan Fiore, Esquire.

Review of Interrogatories to the Defendants.

Review of Defendants' Answers to Interrogatories.

Long office conference with Plaintiff.

Office conference and interview with Albert Polk, a potential witness.

Conferences with Edmund Brennan, Esquire and review of Defendants' Motion for Summary Judgement, Documents in Support Thereof, and Plaintiff's Memorandum in Opposition thereto.

Review of work of Edmund Brennan, Esquire in preparation for Pre-Trial Conference, including but not limited to review of Pre-Trial Memoranda and conferences with Edmund Brennan, Esquire relative thereto.

Trial preparation, including review of file, legal research, conferences with client, conference with Mr. Minesinger, a witness, preparation of Direct Examination and Cross Examination, Jury Instructions, Motion in Limine.

Attendance at Trial in Boston (three days).

Review of Defendants' Motion for Judgement N.O.V., and Defendants' Motion for New Trial, and Memoranda in Support thereof.

Preparation of Memorandum in Opposition to Defendants' Motion for New Trial and Judgement N.O.V.

Miscellaneous other services as needed, such as telephone conferences with client, Clerk of Courts, Process Server, Witness, opposing Counsel, travel to Boston, correspondence as needed, office conferences with client.

    Total Hours: 100
    Billing Rate $150.00 per hour