Walter DEARY, et al., Plaintiffs,

v.

CITY OF GLOUCESTER, et al., Defendants.

Civ. A. No. 87–1691–T.

United States District Court, D. Massachusetts.

April 1, 1992.

Edmund M. Pitts, Pitts & Pitts, Boston, Mass., for plaintiffs.

Richard E. Brody, Leonard H. Kesten, Morrison, Mahoney & Miller, Boston, Mass., Edward P. Reardon, Reardon & Reardon, Worcester, Mass., for defendants.

### MEMORANDUM

TAURO, Chief Judge.

At issue is the fee request of plaintiffs' two attorneys in this police misconduct action brought under 42 U.S.C. § 1983 and Massachusetts law. A jury awarded plaintiff Walter Deary $25,000.00 in compensatory damages and $75,000.00 in punitive damages on October 25, 1991 at the conclusion of a nine day trial.[1] The attorneys, Edmund R. Pitts and Edmund M. Pitts,

seek $137,005.00 in fees and $8,977.50 in costs.

### I.

The Civil Rights Attorney's Fees Awards Act of 1976 authorizes the district court, in its discretion, to allow the prevailing party in any Civil Rights Act suit "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.[2] A plaintiff prevails if he has succeeded on " 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing the suit.' " *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (1st Cir. 1978)).

To determine a reasonable fee, the court employs a two-step process. First, "the number of hours reasonably expended on the litigation [is] multiplied by a reasonable hourly rate" to ascertain the "lodestar" figure. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). In making this initial fee calculation, the court "should exclude ... hours that were not reasonably expended" on the litigation. *Id.* at 434, 103 S.Ct. at 1939 (citation omitted). *See also Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1980) ("It does not follow that the time *actually* expended is the amount of time *reasonably* expended.") (emphasis in original). Next, the court adjusts "the reasonable fee upward or downward if any special factors dictate such a result." *Rogers v. Motta*, 655 F.Supp. 39, 42–43 (D.Mass.1986).

### A. *Reasonableness of Hours*

■ To determine the amount of time reasonably necessary for a given case, the

---

**1.** Plaintiffs, Walter and Robert Deary, commenced this action against six police officers, the City of Gloucester, Mayor Richard Silva and Chief of Police Ernest Worthley. Before trial, the court bifurcated the case as to the last three defendants. At the close of plaintiffs' evidence, the court directed a verdict in favor of five of the police officers, leaving as the remaining defendant John Bichao. As to plaintiff Robert Deary's claim, the jury returned a verdict in favor of Bichao.

**2.** 42 U.S.C. § 1988 provides in pertinent part: In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

court begins with the actual hours reportedly spent on each task and deducts "hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939; *see also Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984) (same). The party seeking fees has a duty to submit detailed and contemporaneous time records to document the hours spent on the case. *Wojtkowski v. Cade*, 725 F.2d 127, 130–31 (1st Cir.1984). Copies of the actual time records should be submitted. *Grendel's Den*, 749 F.2d at 952. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939; *see also Grendel's Den*, 749 F.2d at 952 ("failure to document time 'might merit disallowal, or at least drastic reduction, of a fee award'") (quoting *Souza v. Southworth*, 564 F.2d 609, 612 (1st Cir.1977)).

■ Counsel, requesting compensation for a total of 699.4 hours of work, have submitted voluminous time records in support of their application. Each attorney submitted an affidavit detailing the work completed, the date, and the hours expended, and the attorneys' actual time slips accompany their fee request. The court finds these records to be essentially contemporaneous and to be reliable in support of most of the hours for which compensation is requested. There exist, however, "several groups or types of suspect hours." *Grendel's Den*, 749 F.2d at 952.

■ Edmund R. Pitts seeks recovery for 560.4 hours,[3] but some of his time records are not sufficiently precise to support the request. One entry reads as follows:

4–16 through 4–20, 1990—Review and outline documents produced by defendants for trial, including personnel files, police dept. regulations, police dept., Audit Report—32 hours

*See* Pl.'s Req. for Findings of Fact Concerning Award of Att'y's Fees and Costs

(hereinafter "Fee Request") Ex. A at 3. A similar entry reads

June 4, 90 through June 11, 90—Review and outline criminal trial, Alcoholic Beverage Control Commission and Deposition Transcripts for trial—48 hours

*Id.* at 5. In *Calhoun v. Acme Cleveland Corp.*, 801 F.2d 558 (1st Cir.1986), the First Circuit rejected similar accountings. There, the court stated that

[t]he court must secure from the attorneys a *full and specific* accounting of their time; bills which simply list a certain number of hours and lack such important specifics as *dates* and the nature of the work performed during the hour or hours in question should be refused.

*Id.* at 560 (quoting *King v. Greenblatt*, 560 F.2d 1024, 1027 (1st Cir.1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978)) (emphasis in original); *see also Aubin v. Fudala*, 782 F.2d 287, 292 (1st Cir. 1986) (time records should be "precise"). While Edmund R. Pitts' accounts do contain dates, their generality undercuts their reliability. Rather than discounting the entries in their entirety, however, the court discounts the entries by half, and permits Edmund R. Pitts 16 hours for reviewing files and 24 hours for reviewing transcripts.

■ Other entries similarly exhibit unreliability, particularly those listed on May 18, 1988. Edmund R. Pitts' records indicate that he worked 19.1 hours on that day drafting pleadings. Fee Request Ex. A at 14–15. Because the court finds this notation to be somewhat implausible, it is discounted by half.

■ Finally, some of Edmund R. Pitts' records are not in chronological order. This casts doubt as to whether they are contemporaneous. For example, on his actual time slips, he has an October 15, 1988 entry that precedes a June 20, 1988 entry. *See* Fee Request Ex. H at 85. This occurs at least two dozen times throughout his

---

**3.** Edmund R. Pitts' application was for 563.4 hours, but this court finds his addition to have been incorrect.

time slips.[4] Rather than discount each entry, the court deducts ten hours from his requested time, to reflect the fact that his time records may not have been fully contemporaneous.

Accordingly, Edmund R. Pitts' requested hours, 560.4, will be pared down by 59.5 hours to permit him to recover for 500.9 hours.

Some of the hours requested by Edmund M. Pitts, totaling 139 hours, lack adequate documentation. To begin, the court had great difficulty trying to compare his fee request with his actual time slips. Of his 139 hours requested, only 63.5 hours exactly correspond to time slips. This lack of adequate documentation manifests itself in three ways.

■ First, some of the entries in his affidavit fail to correspond to *any* time slips. For example, his fee request contains seventeen entries between December 31, 1986 and August 1, 1991 that are entitled "Administrative—Review File." *See* Fee Request Ex. A at 24–25. These entries, which total ten hours, are not supported by time slips. Accordingly, the court deducts ten hours from his fee request.

Second, he shortchanges his hours, and the court does not know whether this is the result of mathematical error or intent. He may have discounted his hours on his own to "deduct[ ] any hours that appear to be excessive or duplicative." *Rogers*, 655 F.Supp. at 43. For example, in his affidavit he claims "Trial Appearance and preparation of trial pleadings—8.0 hours." Fee Request Ex. A at 25. The time slip that corresponds to this October 18, 1991 entry lists twelve hours. Similarly, he has submitted time slips for roughly 9.5 hours of work, but has failed to request compensation for those hours. It appears that he has discounted his time slips by roughly 18.5 hours, and the court will not add those hours to his fee request.

■ Third, the court had difficulty deciphering some of his time slips. Two slips dated October 24, 1991 fail to give the hours expended, although, in his affidavit, counsel requests 7.5 hours for that day. *See* Fee Request Ex. A at 26. In addition, his affidavit lists two entries for November 5, 1991, for 2 hours and 5 hours of work, respectively, but the time slip that corresponds to those entries lists 3 hours and 3 hours of work. *Id.* For these two discrepancies, the court excludes compensation for 8.5 hours.

Accordingly, the court permits Attorney Edmund M. Pitts to recover for 120.5 hours (139 requested minus 18.5 refused).

As a final matter on the reasonableness of hours issue, Leonard Kesten, representing the defendants, has challenged the fee request "in light of the fact that the plaintiffs only prevailed on one claim." Def's Memo in Opp. to the Pl.'s Req. for Att'y's Fees and Costs at 8. Specifically, Kesten draws attention to the fact that, at the commencement of the trial, two plaintiffs were suing six police officers. At the close of plaintiffs' evidence, the court directed a verdict in favor of five of the defendants. The jury then returned a verdict in favor of one plaintiff against the remaining defendant. Kesten claims that the hours for which the Pitts seek to recover a fee should be reduced to reflect their "partial" victory.

The Supreme Court has addressed this issue in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Court noted that, where a plaintiff in a civil rights suit brings "distinctly different claims for relief that are based on different facts and legal theories," *id.* at 434, 103 S.Ct. at 1940, plaintiff cannot recover fees for work on unsuccessful claims. *Id.* at 435, 103 S.Ct. at 1940. The Court recognized, however, that civil rights suits often "involve a common core of facts or will be based on related legal theories." *Id.* In such a case, "[m]uch of counsel's time will be devoted generally to the litigation as a

---

**4.** He apparently corrected these discrepancies in preparing his affidavit for submission to the court.

whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* Eschewing "a mathematical approach comparing the total number of issues in a case with those actually prevailed upon," *id.* at 435–36 n. 11, 103 S.Ct. at 1940 n. 11, the court directed district courts to focus on "the degree of success obtained." *Id.* at 436, 103 S.Ct. at 1941.

■ Here, plaintiffs' suit for police misconduct required an examination of events occurring on one night, when the six police officers investigated an alleged fistfight at Walter Deary's liquor store. The trial consisted of testimony by both named plaintiffs, the officers, and witnesses about what happened on that night. The case obviously involved a "common core of facts." In addition, the jury's award of $100,000.00 to Walter Deary indicates the significant success that he achieved in this case. Accordingly, a reduction in fees to account for plaintiffs' "unsuccessful" claims is unwarranted.

B. *Reasonable Rate*

Edmund R. Pitts, who has fifteen years of litigation experience, was lead trial counsel. He requests the court to set his compensation at the hourly rate of $200.00. Associate counsel, Edmund M. Pitts, requests an hourly rate of $175.00. He has thirty-five years of litigation experience.

■ The district court "must scrutinize with care the reasonableness of the hourly rate claimed." *Calhoun,* 801 F.2d at 560. The reasonable hourly rate is that prevailing in the community for similar work. *Grendel's Den,* 749 F.2d at 955; *Copeland,* 641 F.2d at 892. The court must also take into account the "experience and billing practices of the attorneys in question." *Calhoun,* 801 F.2d at 560. In addition, the district court has authority to apply different hourly rates for work done at different stages of the case. *Grendel's Den,* 749 F.2d at 955; *Rogers,* 655 F.Supp. at 43. Different rates are also warranted "when the same attorney performs differ-

ent kinds of work." *Miles v. Sampson,* 675 F.2d 5, 9 (1st Cir.1982) (applying a higher rate for core legal work, such as court appearances); *see also Wojtkowski,* 725 F.2d at 131 (same); *Copeland,* 641 F.2d at 891–92 (same).

Counsel have submitted an affidavit showing that, in early 1990, billing rates for Massachusetts law firms ranged from $40.00 to $375.00 per hour.[5] They have also submitted an affidavit from Boston attorney Stephen Hrones, who specializes in police misconduct cases, attesting to the reasonableness of a $200.00 hourly rate. Fee Request Ex. D. Finally, counsel have provided the court with information about their experience and billing practices. *Id.* Ex. F and G; Supp. Aff. of Att'y Edmund R. Pitts at 2. Given counsels' submissions, the court finds the requested rates to be reasonable for time spent in trial. It would be inappropriate, however, to apply that trial rate for the entire five years this case was pending.

■ Where counsel began work on this case in 1986 and conducted a trial in late 1991, the court finds that different rates for different work performed is appropriate. Accordingly, the court awards Edmund R. Pitts a rate of $200.00 for 161 hours spent drafting trial pleadings, preparing for trial, and attending trial, which entitles him to $32,200.00 for trial work.

■ A rate of $175.00 per hour will be applied for 339.9 hours of Edmund R. Pitts' pretrial work, which typically is less challenging and complex than trial preparation. Pretrial work includes travel time, conferences, telephone calls, reviewing files, drafting of pleadings and discovery papers, reviewing defense pleadings, preparing for depositions, and petitioning for attorney's fees. The court finds that Edmund R. Pitts is entitled to $59,482.50 in attorney's fees for pretrial activity and $32,200.00 for trial preparation and trial. Edmund R. Pitts' award, therefore, totals $91,682.50 for 500.9 hours of work.

---

5. This data derives from a supplement to the February 19, 1990 issue of the Massachusetts Lawyers Weekly. *See* Fee Request Ex. E.

■ Edmund M. Pitts assisted in the trial of this case, and, according to the calculations listed above, he is entitled to collect for 120.5 hours. The court finds that his requested rate of $175.00 per hour is reasonable for trial preparation and trial appearance. This totals 101.5 hours, and amounts to $17,762.50. The other 19 hours, which were performed in 1986 or were expended in preparing the fee request, will be compensated at the rate of $150 per hour, for a total of $2,850.00. Edmund M. Pitts, therefore, is entitled to receive compensation of $20,612.50.

The total attorney's fee award is, therefore, $112,295.00.

## II.

■ In addition to seeking recovery of attorney's fees for actual time expended, plaintiffs' counsel request a risk factor enhancement of twenty-five percent of the hourly fee award which, according to their calculations, amounts to $34,251.00. The rationale for that request is that they took plaintiffs' cases on a contingent fee arrangement, and that they advanced substantially all of the $8,977.50 expense of litigation.

As mentioned above, once the district court determines the "lodestar" figure, it has discretion to "adjust the reasonable fee upward or downward if any special factors dictate such a result." *Rogers*, 655 F.Supp. at 43. In general, applying a fee enhancement is the exception, and not the rule. *See Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940 ("cases of exceptional success" may justify "an enhanced fee award"); *Shakopee Mdewakanton Sioux Community v. Prior Lake*, 771 F.2d 1153, 1160 (8th Cir. 1985), *cert. denied*, 475 U.S. 1011, 106 S.Ct. 1185, 89 L.Ed.2d 301 (1986) ("In rare circumstances the district court can increase a fee award because of the quality of the work performed or the great public interest involved."); *New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir.1983) (awarding a ten percent upward adjustment for "the exemplary nature of the services rendered"); *Jorstad v.*

*IDS Realty Trust*, 643 F.2d 1305, 1314 (8th Cir.1981) (a fee enhancement "reflects exceptional services only"). A district court, therefore, has discretion to adjust an award upward "in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional.'" *Blum v. Stenson*, 465 U.S. 886, 899, 104 S.Ct. 1541, 1549, 79 L.Ed.2d 891 (1984) (citing *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940). *Cf., Doulin v. White*, 549 F.Supp. 152, 159 (E.D.Ark.1982) (declining to award a fee enhancement because the case was not "sufficiently difficult").

Courts might also award a fee enhancement if the lodestar figure fails to "adequately compensate[ ] [plaintiff's] attorneys for the risk undertaken in accepting th[e] case." *Biggins v. Hazen Paper Co.*, 953 F.2d 1405, 1428 (1st Cir.1992); *see also Finberg v. Sullivan*, 555 F.Supp. 1068, 1072 (E.D.Pa.1982), *aff'd without op.*, 707 F.2d 1390 (3d Cir.1983) (an adjustment to the lodestar figure may be warranted "based upon the court's determination of the contingency of success").

Applying these considerations to the case at hand, counsel are not entitled to a fee enhancement. Although the case was vigorously pursued and very well tried by plaintiffs' counsel, recovery of fees, under the fee shifting statute, will fairly compensate them for the risk they undertook in accepting this case. For a judgment of $100,000.00, counsel will recover $112,-295.00 in attorney's fees. Without the fee shifting statute, and assuming a one-third contingency arrangement, they would have recovered only $33,333.33 from their clients.

## III.

In addition to their attorney's fees, counsel seek to recover $8,977.50 in costs under 42 U.S.C. § 1988.[6] The issue of costs has been somewhat complicated since the Supreme Court's opinion in *West Virginia*

---

**6.** *See supra* n. 2.

*University Hosp., Inc. v. Casey,* —— U.S. ——, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). There, the Court held that, proceeding under § 1988, an attorney cannot recover expert witness fees, except to the extent that they fall within the $40–per–day fees for witnesses provided by 28 U.S.C. §§ 1920(3) and 1821(b). *Id.,* 111 S.Ct. at 1148. Section 1988, therefore, "conveys no authority to shift expert fees [beyond the statutory amount], whether they be testimonial or non-testimonial fees." *Rivera v. Dyett,* 762 F.Supp. 1109, 1118 (S.D.N.Y.1991).

██ A lingering question, however, is whether *West Virginia University Hosp.* affects plaintiffs' ability to recover their expert witness fees under Mass.Gen.L. ch. 12, § 11I, which provides in pertinent part:

Any aggrieved person or persons who prevail in an action authorized by this section [for violations of federal or state constitutional rights] shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in the amount to be fixed by the court.[7]

Plaintiffs proceeding under this statute do not face the limits posed by 28 U.S.C. § 1821(b). *See Freeman v. Package Mach. Co.,* 865 F.2d 1331, 1347 (1st Cir.1988) (Section 1821 has "no analog in Massachusetts law."). In *Freeman,* the First Circuit determined that a plaintiff bringing federal and state discrimination claims, and whose recovery of expert witness fees was limited by § 1821, could recover such fees under the state fee shifting statute, Mass.Gen.L. ch. 151B, § 9. There, the court noted that " '[i]n civil actions ... in which no provision is expressly made by law, the costs shall be wholly in the discretion of the court.' " *Freeman,* 865 F.2d at 1347 (quoting Mass. Gen.L. ch. 261, § 13). The rationale of *Freeman* should be extended to this case. Accordingly, plaintiffs are entitled to recover their expert witness fees in full.

██ Given *West Virginia University Hosp.,* the next question is whether that holding extends to other sorts of costs. Here, the Pitts seek to recover for depositions, sheriff fees, photography, investiga-

tions, court costs, copying, parking, and telephone. *See* Fee Request Ex. A–3 at 27. In *Doe v. Crestwood,* 764 F.Supp. 1258 (N.D.Ill.1991), the court concluded that such costs are recoverable because "reasonable out-of-pocket expenses incurred by the attorney and customarily billed directly to the client are 'thought subsumed within the phrase "attorney's fee" ' " rather than statutory costs. *Id.* at 1262 (quoting *West Virginia University Hosp.,* 111 S.Ct. at 1141 n. 3). "Unless and until the universal practice of including such out-of-pocket expenses in the allowable amount is changed by some controlling decision, this Court will continue to adhere to that practice." *Crestwood,* 764 F.Supp. at 1262.

This court agrees. Accordingly, counsel are entitled to recover costs in the amount of $8,977.50.

## IV.

██ As a final matter, plaintiffs have petitioned the court for an award of prejudgment interest pursuant to Mass.Gen.L. ch. 231, § 6B at the rate of twelve percent per annum from the date of commencement of this action to the date of entry of judgment. The court ALLOWS that motion, and prejudgment interest shall be applied to the $100,000.00 judgment, but not to the attorney's fees.

### Conclusion

The Court awards to plaintiffs $112,-295.00 in attorney's fees and $8,977.50 in costs as follows:

1) 161 hours of trial work by lead counsel Edmund R. Pitts at the rate of $200.00 per hour, totaling $32,200.00;

2) 339.9 hours of pretrial work by Edmund R. Pitts at the rate of $175.00 per hour, totaling $59,482.50;

3) 101.5 hours for trial work by associate counsel Edmund M. Pitts at the rate of $175.00 per hour, totaling $17,762.50;

---

7. In addition to their § 1983 claims, plaintiffs also brought claims under Massachusetts law for deprivation of their constitutional rights. *See, e.g.,* Compl. ¶ 26.

4) 19 hours for pretrial work by Edmund M. Pitts at the rate of $150.00 per hour, totaling $2,850.00;

5) costs in the amount of $8,977.50; and

6) prejudgment interest on the $100,000.00 judgment at the rate of twelve percent per annum from the date of commencement of the action to the date of judgment.

The court rejects counsels' request for a fee enhancement.[8]

---

**8.** The documents which the court has referred to in its decision have been labeled "Court Ex-

hibit," which is on file with the clerk.