**In re LearningSMITH, INC., Debtor**

No. 99–19745–CJK.

United States Bankruptcy Court,
D. Massachusetts.

April 19, 2000.

582

David M. LeMay, New York City, for Hughes Hubbard & Reed LLP.

Eric Bradford, Boston, MA, for U.S. Trustee.

Harold Murphy, Boston, MA, for Debtor.

Christopher Panos, Boston, MA, for Creditors' Committee.

## MEMORANDUM OF DECISION ON APPLICATION OF HUGHES HUBBARD & REED LLP, AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR FINAL ALLOWANCE AND APPROVAL OF FEES INCURRED FOR PERIOD FROM FEBRUARY 3, 2000 THROUGH MARCH 31, 2000

CAROL J. KENNER, Bankruptcy Judge.

The law firm of Hughes Hubbard & Reed LLP ("HH & R") has applied under 11 U.S.C. § 330 for allowance of fees for services it rendered and expenses it incurred as counsel to the Official Committee of Unsecured Creditors in this case. HH & R, which is based in New York City, seeks fees of $95,189.50 and expenses of $7,936.82. The United States Trustee has objected to the fee on the basis that the rates charged for the time of the firm's attorney's and paralegal are excessive. The U.S. Trustee argues that, in determining a reasonable rate for application of the "lodestar" approach, the court should look to the rates charged by comparably qualified counsel in the locality where the case is pending. The United States Trustee contends that the rates for the firm's two partners, David LeMay and David Wiltenberg, are unreasonable to the extent they exceed $370 per hour, which is the rate charged for the service of the Boston attorney, Paul Moore, whom HH & R replaced as counsel to the Committee, and that the rates for the firm's associates and paralegal are likewise excessive by about one-third.

HH & R, acknowledging that its rates are in part a function of the locality in which it practices, argues that its rates should nonetheless be deemed reasonable because (1) partners' rates in some large and highly regarded Boston firms may equal or exceed those of HH & R, a large and highly regarded New York firm, and (2) in hiring counsel, the Creditors' Committee chose HH & R for its experience in the Debtor's industry and, for that reason, was comfortable with the firm's rates. However, HH & R did not specify the industry in question and did not indicate what experience or expertise it had in that industry. More importantly, the firm did not state whether its expertise was unusual or not readily available in this less expensive locality; nor did the firm explain how this case required that expertise. The firm also justifies its rates by pointing out that, upon its entry into the case, it had to take the laboring oar in drafting the plan of reorganization, and that it did so efficiently and competently.

The United States Trustee has accurately stated the governing law: that the Court should apply the rate customarily charged for similar services in the locality and should depart from the local rate only where the case required expertise not locally available. *Calhoun v. Acme Cleveland Corporation*, 801 F.2d 558, 560 (1st Cir.1986); *In re Narragansett Clothing Co.*, 210 B.R. 493, 498 (1st Cir. BAP 1997). The Court agrees that, under this standard, partners' rates should be capped at $370 per hour. Mr. Moore is comparably qualified to—in fact, slightly more experienced than—the two attorneys whose

rates are at issue. His rate of $370 per hour is a generous one in this locality.[1] HH & R brought no special expertise to this case that the local bar could not have provided. The case was an unusual and demanding one in the first two months, but HH & R came into the case only afterward, when the assets had been almost entirely liquidated, and the unusual and demanding parts of the case were history. To be sure, the case still required careful work in drafting the plan of reorganization, but, especially where the assets had already liquidated (and the case might just as profitably have been converted to Chapter 7), the case required only ordinary competence in Chapter 11 work, nothing not abundantly available in this area for $370 per hour and less.

Moreover, the Committee's hiring of HH & R necessitated its hiring of a second firm as local counsel, to supply an expertise in local practice that HH & R apparently lacked. The Committee's two firms attempted to divide the work among themselves in such a way as to avoid duplication of effort, but the existence of two counsel, and the need for coordination between them, inevitably necessitates some extra work and, consequently, extra charge to the estate.

Lastly, the fact that the firm was responsible for drafting the plan of reorganization in a short time does not entitle the firm to a higher rate. HH & R was not uniquely qualified to perform that task.

Therefore, the Court will allow compensation for the time expended by Messrs. LeMay and Wiltenburg at the rate of $370. Likewise, the Court will reduce the rate of the firm's associates from $250 to $200 per hour, and of the firm's paralegal from $135 to $110. These are reasonable rates for the firm's services. Accordingly, a separate order will enter allowing fees in the amount of $74,817 and expenses of $7,936.82.

---

1. HH & R cites rates charged by counsel from large Boston firms in recent bankruptcy cases for the proposition that rates of $460 and $490 per hour have sometimes been charged by partners even in the Boston market. Thus they cite a rate of $415 per hour charged by one partner for 0.6 hours in the *Lauriat's* case; $455 by another for 0.2 hours, also in *Lauriat's;* and $550 by another for 4 hours in the *Filene's Basement* case. The Court finds that, as evidenced by the number of hours charged in each instance, these rates are not representative of the Boston market.