**Freda C. CLARK, Plaintiff,**

v.

**John O. MARSH, et al., Defendants.**

**Civ. A. No. 77–1001.**

United States District Court, District of Columbia.

March 12, 1985.

---

Conrad D. Philos, Vienna, Va., for defendants.

Sheila Lieber, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Before the Court are five (5) motions related to an ongoing dispute for attorneys' fees and costs. These motions arise out of an action brought pursuant to Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, for sex discrimination and retaliation against a former employee of the Department of the Army. The case properly passed through the administrative stages and through this Court. Plaintiff received a favorable judgment from this Court and an affirmance on appeal, 665 F.2d 1168. As the "prevailing party," there is no issue as to this Plaintiff's right to receive attorneys' fees and costs; there remains for the Court's resolution a determination of which of the several attorneys who have been involved in Plaintiff's action shall receive fees and costs and a determination of the reasonable amount.

The pending motions are:

(1) a petition for fees brought by Patricia J. Barry, Plaintiff's trial and appellate counsel,

(2) a petition for fees brought by the widow of Plaintiff's counsel, John L. Tully, for work done at the administrative stage,

(3) a motion to intervene and receive the fees of another attorney, Craig Sawyer, also deceased, who participated with Mr. Tully at the administrative stage and with Ms. Barry at trial,

(4) a petition brought by Plaintiff herself for reimbursement of monies paid as retainers to her various attorneys, and

(5) a motion made by the Defendants for consolidation of *all* pending claims for fees. With the exception of Freda Clark's petition for reimbursement, the government opposes all motions.

■ Before considering the merits of the various claims for fees, the Court must consider the government's motion to consolidate all claims into a single claim by Plaintiff. Under the statute, 42 U.S.C. § 2000e–5(k), the entitlement to attorneys' fees and costs is in Plaintiff, not her attorneys. The legislative scheme for attorney fee awards in civil rights cases was created in order to assure that aggrieved persons are in a position to advance the public interest and policy against discrimination. *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). In order to protect the policy behind the provision for fee awards it must be the *party*, not the attorney, who makes the claim to the court. *Brown v. General Motors Corp.*, 722 F.2d 1009, 1012 (2d Cir. 1983); *Oguachuba v. I.N.S.*, 706 F.2d 93, 97 (2d Cir.1983); *Richard v. Reed*, 611 F.2d 545, 546 (5th Cir.1980) (per curiam). Title VII does not create a separate right of action in the attorney; instead, fees may be awarded to the "prevailing party ... as part of costs" in the underlying case. Therefore, "counsel has no standing to apply to the public fisc for payment." *Oguachuba v. I.N.S.*, 706 F.2d at 98.

There is no opposition to the government's motion to consolidate these claims. Since it is Plaintiff's right to petition for fees and costs, these claims could be quite properly consolidated under her petition for reimbursement. However, upon considering all pending claims for fees, the Court concludes that only the claim of Ms. Patricia J. Barry should be consolidated with Plaintiff's claim for reimbursement. Therefore, Ms. Barry's petition for attorney's fees and costs will be consolidated with Plaintiff's petition for reimbursement; her petition for fees and costs will be granted. The remaining claims will not be consolidated and for the reasons set forth in this Memorandum, will be denied.

### Plaintiff's Petition for Reimbursement

■ Plaintiff's right to reimbursement is unassailable. In fact, the government makes no opposition to her request for reimbursement of legal expenses totalling $5,020.00. Through her present counsel, Plaintiff requests reimbursement of $2,000.00, paid as a retainer, and $500.00, advanced as costs, to her first and now deceased attorneys, Mr. John L. Tully and Mr. Craig T. Sawyer. Mr. Tully and Mr. Sawyer initiated the administrative proceedings which led to Plaintiff's later success before this Court. She also requests reimbursement for $2,520.00 paid to Ms. Patricia J. Barry for attorney's fees and for the costs of prosecuting her case.

The petition for reimbursement includes sufficient documentation. Plaintiff has submitted a copy of the retainer agreement between herself and Mr. Tully and Mr. Sawyer. She has also submitted copies of her cancelled checks demonstrating that the $2,000.00 retainer fee was paid in four monthly installments between February and May 1976. The amount of $500.00 was paid in June 1977 to defray anticipated expenses for proceeding further with her case. There is no contest regarding these amounts; the petition for reimbursement of fees and costs paid to Mr. Tully and Mr. Sawyer for services rendered during the administrative stage of this case shall be granted.

Similarly, the request for reimbursement of monies paid to Ms. Patricia J. Barry also shall be granted. Plaintiff has satisfactorily demonstrated that she paid her trial and appellate counsel $2,520.00 for fees and costs. Indeed, in her response to Plaintiff's request, Ms. Barry admits having received approximately $2,500.00 from Plaintiff. There being no question that the amount was paid for legal services rendered in achieving Plaintiff's success, the further request for $2,520.00 is granted. Since the Court must assume that Ms. Barry has submitted in her petition for fees and costs all hours and expenses for which she is entitled to receive compensation, the amount of $2,520.00 will be deducted as an amount already paid toward the fee for her services from the award which she shall receive.

*Claim for Services Rendered by Mr. John L. Tully*

█ The claim for attorney's fees allegedly due Mr. John L. Tully is brought by his widow, Francis K. Tully. Mrs. Tully makes a claim for 112.5 hours at a proposed rate of $100.00 per hour, for a total of $11,250.00. However, the petition filed by Mrs. Francis K. Tully contains a fatal defect: there are no contemporaneous records of the time expended on Plaintiff's behalf.

For this reason, it is simply impossible for petitioner to meet the requisites for documentation of her claim set forth in *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319 (D.C.Cir.1982). In that case, the Circuit Court of Appeals stated:

> Casual after-the-fact estimates of time expended on a case are insufficient to support an award of attorneys' fees. Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney.

675 F.2d at 1327. This petition, prepared for services allegedly rendered during the two years while Mr. Tully represented Plaintiff, is certainly "after-the-fact." Mrs. Tully has enlisted the help of her attorney, who had no connection with Plaintiff's case, her husband's correspondence and memoranda, Plaintiff's memory and a review of the docket entries in the case. No matter how well-intentioned and scrupulous her efforts may have been, at best, the construction of hours presented to the Court in place of Mr. Tully's contemporaneous time records constitute a guess at his efforts on Plaintiff's behalf. Such estimates cannot possibly serve as the proper basis for a fee award.

The Court's task to determine the reasonable number of hours expended on a particular matter is difficult already; without certainty regarding the actual number of hours expended, there is no point from which to begin. If Mr. Tully had lost the records himself and sought to reconstruct the time he had spent on the case, the Court would have some basis upon which to accept the number of hours claimed and then for assessing reasonableness. While the petitioner's "best guess" at the time expended by her husband may or may not be reasonable, there is no sound basis for determining an award for hours which may or may not have been expended.

Moreover, the scheme for fee awards contemplates appraisal and challenge to the request by the opponent. The government cannot challenge this request. Nor can the Court meet its obligation to set forth rea-

soned bases for the exercise of its discretion; derivative estimates such as this one cannot serve to support an award. Therefore, while it is regrettable that the necessary time records could not be located, assuming Mr. Tully kept them at all, this petition for fees cannot be consolidated under Plaintiff's claim and Defendants must be denied.

### Motion to Intervene in Order to Petition for Fees Due Mr. Craig T. Sawyer

■ Mr. Riley Pointer presents the Court with a motion to intervene in this action in order to petition for fees allegedly due Mr. Craig T. Sawyer. Like Mr. Tully, Mr. Sawyer participated in Plaintiff's action at the administrative stage. Mr. Sawyer also assisted Plaintiff's subsequent counsel, Ms. Patricia Barry at a trial on the merits of Plaintiff's claims before this Court. In a fashion similar to that of Mrs. Tully, this petitioner has created estimations of the time spent by Mr. Sawyer on Plaintiff's case. For the same reasons expressed for the denial of Mrs. Tully's petition on her husband's behalf, the Court would deny Mr. Pointer's request.

However, there are policy justifications against this motion to intervene. Fed.R. Civ.P. 24 which provides for intervention, is not applicable to Mr. Pointer's claim. The rule allows for intervention when the would-be intervenor can demonstrate an interest in property which is the subject of the action. Mr. Pointer, having no interest in Plaintiff's case, seeks to utilize this litigation to obtain partial satisfaction of a judgment against Mr. Sawyer in the amount of $105,765.00. Since the Title VII provision allowing an award for fees and costs is not meant for the attorney's benefit, it is certainly not for his creditors. Mr. Sawyer could not make such a claim; Mr. Pointer, although a judgment creditor, certainly cannot. The motion to intervene must be denied.

The Court also notes that Mr. Sawyer's widow has renounced any claims to outstanding receivables owed to Mr. Sawyer. In addition, there being no estate, there is no one who may later pursue claim for fees against Plaintiff personally. Therefore, there is no reason for the Court to consider a petition for fees owed Mr. Sawyer in order to protect Plaintiff. Mr. Pointer's motion to intervene is improper and purely speculative.

### Petition for Fees and Costs of Patricia J. Barry

The Court has determined that Patricia Barry presents the only petition for fees and costs which should be consolidated with Plaintiff's request for reimbursement. She makes a request for an attorney's fee of $39,275.00 and costs of $223.97. Since Plaintiff prevailed on the merits, counsel having achieved excellent results for her client following a trial on the merits and a decision in Plaintiff's favor upon the government's appeal, the government does not contest Plaintiff's entitlement to an award of fees for counsel's services, only the amount of that award.

Ms. Barry submitted a thoroughly documented petition, now consolidated under Plaintiff's claim, from which the Court may comfortably determine the "reasonable" amount of attorney's fees due. She requests $100.00 per hour for a total of 323.8 hours of work on Plaintiff's case. In addition, Ms. Barry requests that the Court award an upward adjustment of 25% to reflect the contingent nature of the suit, the complexity of the legal issues involved and to compensate for the nine-year litigation and delay in payment. It is the government's position that Ms. Barry should be compensated at no more than $65.00 per hour. Further, the government urges the Court to reduce the hours for (1) the lost issue concerning pre- and post-judgment interest on the backpay award, (2) "undemanding legal activities" and (3) the "almost illegible nature" of the time records submitted.

### The "Lodestar" Calculation

The initial task for the Court in calculation an appropriate fee award is to establish the "lodestar": the number of hours reasonably expended multiplied by a reasonable hourly rate. *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir.1980).

While the "lodestar" is presumed to produce a reasonable and fully compensatory award, the Court's inquiry does not end here. Once a lodestar figure is reached the Court may consider an upward adjustment enhancing the award to reflect such factors as the contingent nature of success and the risk of non-payment, *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the level of skill necessary and the quality of counsel's representation, and any delay in payment. *Copeland v. Marshall,* at 892–894. The Court is also obligated to consider the level of success achieved in relation to the amount of the fee award. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

*Reasonable Hourly Rate*

The standard for determining a reasonable hourly rate is found in the often-cited statement: "[t]he reasonable hourly rate is that prevailing in the community for similar work." *Copeland,* 641 F.2d at 892. This approach was arrived at for the simplicity of its administration and because a "market approach" complies with the legislative mandate to assure competent counsel to persons seeking to vindicate civil rights, thereby providing an "incentive to ferret our discrimination" without "windfall profits" to attorneys. *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1326 (D.C.Cir.1982). Most recently, the regular or "customary" billing rate has replaced the "prevailing market rate" as presumptively reasonable. *Laffey v. Northwest Airlines, Inc.,* 746 F.2d 4 (D.C.Cir.1984).

■ However, the new presumption of reasonableness of an attorney's regular, customary billing rate can only apply to those attorneys who have a well-established billing practice. For attorneys associated with public interest groups or single practitioners who specialize in Title VII cases and who receive most of their remuneration from fee awards, resort to the rate prevailing in the community for similar services continues to offer the most efficient and fair method for assessing a proper hourly rate. *E.g., Blum v. Sten-*

*son, supra.* Ms. Barry has declared and supported her contention that she is a solo practitioner specializing in Title VII cases and that she receives most of her remuneration from fee awards. In this instance, the Court is therefore in a position to refer to the prevailing market rate as the most sensible approach to determining her reasonable rate of compensation.

■ There is ample evidence which supports $100.00 per hour as Ms. Barry's reasonable rate of compensation. For instance, Plaintiff proved unlawful discrimination and received a backpay award of $129,545.20, before setoffs, largely through the efforts of this attorney. Further, the affidavits of Lawrence Speiser and Eduard Pena, Jr. support her contention that $100.00 is a reasonable hourly rate for attorneys having a regular billing practice in the area of civil rights litigation. As such, this figure could serve as the base figure for the lodestar calculation.

■ However, there are a variety of factors to support a lesser rate of compensation for counsel's services. The Court has determined that an award of $85.00 per hour is the most reasonable rate of compensation for Ms. Barry's services in this case. First of all, while $100.00 per hour is a reasonable hourly rate for attorneys performing civil rights litigation, in this case, the Court would nonetheless be forced to discount this rate to account for the fact that, as a single practitioner with little other help available, Ms. Barry necessarily performed certain tasks which did not require the level of skill meriting $100.00 per hour. The Court must consider all of the circumstances in setting an appropriate hourly rate. The rate chosen must take into account the fact that different kinds of work were performed, requiring different levels of skill. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir.1974).

More importantly, $85.00 per hour is the rate agreed upon by counsel and client for work performed at the appeals level and thereafter. It is clear that the agreed upon

rate was intended to apply specifically from the time Plaintiff was forced to defend her victory in this Court; nonetheless, the hourly amount does provide the Court with evidence of the value of Ms. Barry's services to herself and to her client. While counsel may not have an established billing practice, she and Plaintiff arrived at a rate which the Court presumes to be in reasonable relation to that which counsel's services might command in the marketplace. Moreover, the Court is concerned with providing a fully compensatory fee in *this* case; if this is the rate which the parties have determined to be adequate, then $85.00 per hour is the rate at which this attorney is willing to accept civil rights cases from fee-paying claimants. This figure is therefore a basis from which the Court may set an award sufficient to fulfill the purpose of fee-shifting in Title VII cases.

Of course, it is possible that Plaintiff and Ms. Barry would arrive at a greater or lesser figure as the hourly rate for counsel's services at the trial level. The Court has no objective basis for assuming the $85.00 per hour figure would be changed at all nor for determining what any change would be. Rather than ponder this unanswerable question in an attempt to arrive at a second hourly rate for services performed at the trial level, the Court finds that $85.00 per hour is a reasonable and fair rate of compensation for Ms. Barry's services at all stages of the litigation; this amount will serve as the base of the "lodestar."

*Reasonable Number of Hours Expended*

■ Attorneys' fees may only be awarded for time reasonably expended. Having determined the reasonable hourly rate, the Court must now turn to consider the number of hours expended in the pursuit of Plaintiff's success. "The number of hours spent on behalf of the prevailing party is determined by evaluating the total number of hours expended and disallowing unproductive time or time spent on successful claims ... must be excluded from the lodestar calculation." *Murray v. Weinberger,*

741 F.2d 1423, 1427 (D.C.Cir.1984). Ms. Barry requests compensation for 323.8 hours of work performed on Plaintiff's behalf. In considering whether this request is reasonable, the Court must scrutinize the time records provided as evidence of and support for the number of hours expended. These records must be sufficiently detailed to allow this Court to make an independent determination of whether the hours spent are justified. *Concerned Veterans,* 675 F.2d at 1327.

Contrary to the characterization of her petition as "patently deficient," Ms. Barry has submitted ample documentation of her claim. In fact, the petition is so candidly and thoroughly documented that the government has been able to use it to make several persuasive arguments in favor of reductions. After considering those arguments, and upon independently reviewing the hours spent on this case, the Court finds that there are categories of activity for which the number of hours must be reduced.

While the overall number of hours claimed by counsel is not excessive, approximately 200 telephone calls and conferences with Plaintiff are not justified. Counsel should have exercised "billing judgment." The many telephone conversations between attorney and client total 38.8 hours or almost one full work week. The Court finds it unlikely that Ms. Barry would expect a fee-paying client to pay her $85.00 per hour for one week's worth of conversation. Then, the conferences between attorney and client make for an additional claim of 26.4 hours. Together, Ms. Barry requests 65.2 hours of largely unexplained conference and telephone time with her client.

It is admirable that counsel maintained close contact with her client; a certain amount of consultation time is necessary and justifiably compensated. However, the Court finds that here the number of hours is excessive. Moreover, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S.Ct. at 1939. The Court finds that since justification for the high number of calls and conferences is not found in the petition and since the Court must exclude unproductive time from the lodestar calculation, the number of hours spent on calls and conferences with Plaintiff shall be reduced by 50% to reflect a reasonable amount of time for these activities. Therefore, the claimed hours shall be reduced by 32.6 hours to reflect the time not "reasonably expended" on the telephone and in conference with Plaintiff.

Secondly, the Court must reduce the claim by 9.6 hours in order to reflect the time spent on "lost" issue of pre- and post-judgment interest on the backpay award. Hours spent on issues on which Plaintiff did not prevail are not compensable. The only such issue identified is that regarding the availability of interest. However, in addition to these hours, Plaintiff apparently agreed not to pursue a claim for compensation for 8.1 hours spent on a motion for clarification in exchange for a promise from the Defendants not to oppose the motion. These hours are also not compensable. Having made the agreement, Plaintiff must now abide by it. Therefore, the claimed hours will be reduced by 17.7 hours to account for the time spent on the "lost" issues and time for which compensation has been waived.

Therefore, the Court has determined that a reduction of hours in the amount of 50.3 is necessary to achieve the "reasonable number of hours expended" in this litigation. The claim for 323.8 hours is reduced, first, by 32.6 to account for an absence of "billing judgment" regarding excessive and unexplained calls and conferences. The hours are further reduced for time spent on the "lost" issue of pre- and post-judgment interest on the backpay award. The total number of compensable hours is therefore 273.5.

■ For the reasons set forth above, the Court awards the following lodestar figures:

#### PATRICIA J. BARRY

| | |
|---|---|
| Hours | 273.5 |
| Rate | $85 |
| Lodestar | $23,247.50 |

The Court's inquiry does not end with the determination of the appropriate lodestar figures. Plaintiff requests a 25% enhancement of the award to reflect the level of complexity, the excellent results obtains, and the delay in payment. However, an upward adjustment may be awarded only in the rarest of cases. The Court does not find that this case presents such a situation and declines to award any upward adjustment.

Since the Court declines to award an enhancement to the lodestar figure, the remaining task is to deduct the amount already paid toward attorney's fee from the lodestar. The Court has already determined that Plaintiff paid her counsel $2,520.00 for legal services. When this amount is deducted from the lodestar figure, the Court finds that the reasonable and full compensatory attorney's fee due Ms. Barry is $20,727.50.

*Reasonable Costs*

■ Fed.R.Civ.P. 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs," Inherent in Rule 54(d) is a heavy presumption favoring the award of costs. *Sun Ship v. Lehman*, 655 F.2d 1311 (D.C. Cir.1981). Plaintiff has petitioned the Court for $223.97 in reasonable costs incurred during the pendency of this litigation. Of the items sought as costs, $168.40 are for long distance telephone charges, $40.90 are for duplication and $14.37 are for postage.

Allowable costs are listed at 28 U.S.C. § 1920. However, the Court is not limited to the statute, instead, the inclusion of various items within an award of costs is within the discretion of the Court. *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir.1977). In considering the costs requested by Plain-

tiff, the Court finds the amounts to be both reasonably incurred and reasonable in amount, given the progress of the case before this Court. *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624 (6th Cir.1979), *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980).

While Defendants complain that the bulk of Plaintiff's claim is for long distance charges, the Court finds it commendable that upon moving to California, Ms. Barry continued with the case, as the attorney most familiar with the litigation. It would have been costlier for yet another attorney to have entered the case at that late stage. In addition, given the progress of the case before the Court, there is nothing unreasonable in Plaintiff's request for postage and duplication charges. Therefore, in addition to an attorney's fee of $23,247.50, Plaintiff shall receive the requested amount of $223.97 as reasonable costs.